UNITED STATES DISTRICT COURT   JUDGE PAULEY
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEWITT MCNAIR,                                    15 CV 3621
                                                  **COMPLAINT AND**
                           Plaintiff,             **JURY DEMAND**
       -against-

                                                  Docket No.
JOHN RAMOS; and "JOHN and JANE DOE 1-10",
individually and in their official capacities (the names
John Doe being fictitious, as the true names are
presently unknown),

                                                  ECF CASE

                           Defendants.
------------------------------------------------------------------X

       Plaintiff Dewitt McNair, by his attorney Cary London, of London Indusi LLP, for his

complaint against Defendants alleges as follows:


                           **PRELIMARY STATEMENT**

       1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and

42 U.S. §1988 for the violation of his civil rights protected by the Fourth, Fifth, Sixth and

Fourteenth Amendments of the United States Constitution.

       2. The claim arises from a November 26, 2014 incident in which Defendants, acting

under color of state law, unlawfully stopped and arrested Mr. McNair without probable cause.

Mr. McNair initially spent approximately 23 hours unlawfully in police custody. After going to

Court a number of times, Mr. McNair's case was dismissed and sealed on or about April 17,

2015.

       3. Plaintiff seeks monetary damages (special, compensatory and punitive) against

Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Dewitt McNair ("Mr. McNair") resided at all times here relevant in Bronx County, City and State of New York. Mr. McNair was employed as a Custodian at a NAACP Early Childhood Day Care Center.

8. Detective John Ramos, Shield No. 1392 ("Ramos") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Ramos was, at the time relevant herein, a Police Officer under Shield # 1392 of Narcotics Borough Bronx. Defendant Ramos is sued in his individual capacity.

9. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1

through 10.

10. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

12. On November 26, 2014, at approximately 12:00 a.m., Mr. McNair was walking on East 216th Street in Bronx County, New York.

13. Mr. McNair was not committing any crime or violating any law or local ordinance.

14. The Defendants, including Defendant Ramos, unlawfully stopped Mr. McNair on 216th Street near Barnes Avenue.

15. The Defendants did not observe Mr. McNair commit any crime or infraction.

16. Defendants, including Defendant Ramos told Mr. McNair to stay put and not to move.

17. Mr. McNair obeyed the Defendants' order and stood on the street for approximately 5-10 minutes.

18. Defendants, including Ramos unlawfully handcuffed Mr. McNair.

19. Defendants did not have probable cause or reasonable suspicion to detain or arrest Mr. McNair.

20. Mr. McNair did not resist arrest.

21. Defendants, including Defendant Ramos, placed Mr. McNair in handcuffs and

3

searched his person without his authority or permission.

22. No contraband or anything of illegality was found on Mr. McNair.

23. Defendants, including Ramos, placed Mr. McNair under arrest and transported him to central bookings.

24. Defendants, including Defendant Ramos, conveyed false information to prosecutors in order to have Mr. McNair prosecuted for Criminal Possession of a Controlled Substance in the Third Degree and other related charges.

25. Defendants, including Defendant Ramos, prepared false sworn affidavits and false police reports relating to Mr. McNair's arrest.

26. Mr. McNair was unlawfully held in police custody for approximately 23 hours before being arraigned on those charges.

27. At arraignments, the Judge released Mr. McNair on his own recognizance, and the matter was adjourned for Grand Jury action.

28. Mr. McNair lost his job as a Custodian at a NAACP Early Childhood Day Care Center as a result of this arrest.

29. Defendants, including Defendant Ramos, repeatedly falsified information relating to the facts and circumstances surrounding Mr. McNair's arrest, including a false claim they had observed Mr. McNair sell drugs.

30. Those reports were forwarded to one or more prosecutors at the New York County District Attorney's office.

31. Upon information and belief, Defendants spoke to one or more prosecutors at the New York County District Attorney's office and falsely informed them that Mr. McNair sold drugs on November 26, 2014.

32. Defendants, including Defendant Ramos, repeatedly gave untruthful and false testimony in the grand jury in connection with the unlawful prosecution of Mr. McNair.

33. After coming to court numerous times and testifying in the grand jury, a grand jury determined no probable cause existed for the continued prosecution.

34. Notwithstanding the fact that Mr. McNair was not indicted on the charges against him, the identification of Mr. McNair as a person involved in the sale of drugs by Defendants would likely influence a jury's decision.

35. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. McNair without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. McNair without probable cause.

36. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. McNair and violate his civil rights.

37. As a direct and proximate result of the acts of Defendants, Mr. McNair suffered the following injuries and damages: violation of his rights pursuant to the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of wages and loss of liberty.

### FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

38. The above paragraphs are here incorporated by reference as though fully set forth.

39. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

40. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the

damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

41. The above paragraphs are here incorporated by reference as though fully set forth.

42. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

43. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

45. The above paragraphs are here incorporated by reference as though fully set forth.

46. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

47. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

48. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

49. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

50. The above paragraphs are here incorporated by reference as though fully set forth.

51. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. McNair sold drugs.

52. The individual Defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

53. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

55. The above paragraphs are here incorporated by reference as though fully set forth.

56. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

57. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

58. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

    a)     In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

    b)     Awarding Plaintiff punitive damages in an amount to be determined by a jury;

    c)     Awarding Plaintiff compensatory and special damages in an amount to be determined by a jury;

    d)     Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    e)     Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 7, 2015
Brooklyn New York

Respectfully submitted,

*Cary London*, Esq.
Bar Number: CL2947
Attorney for Mr. McNair
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com